FILED

DEC 1 9 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| TERRI CLAY, | ) | Case No. EDCV 08-00193-MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration, | ) | |
| Defendant. | ) | |

Plaintiff Terri Clay ("Plaintiff") seeks review of the Commissioner's denial of her application for Supplemental Security Income benefits ("SSI"). For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed with prejudice.

## I.   BACKGROUND

Plaintiff was born on August 14, 1953. (Administrative Record ("AR" at 43). She has a high school education and relevant work experience as

1

1  a caregiver, clerk, and receptionist. (AR at 17, 43).

2      Plaintiff protectively filed an application for SSI on February 23,
3  2004. (AR at 12). Plaintiff claimed that she had been disabled since
4  February 23, 2004, due to degenerative joint disease, arthritis, chronic
5  fatigue syndrome, fibromyalgia, and osteoporosis. (AR at 43). Plaintiff
6  later claimed that she suffered from memory loss, nausea, insomnia,
7  depression, impaired concentration, and pain in her head, neck, arms,
8  back, and legs. (AR at 369-73).

9      Plaintiff's application was denied initially and on
10 reconsideration. (AR at 12, 49-53, 56-61). A de novo hearing was held
11 before Administrative Law Judge Gail Reich ("ALJ Reich"). (AR at 337-
12 65). Plaintiff testified in her own behalf and was represented by
13 counsel. Id. In a decision issued on June 29, 2006, ALJ Reich determined
14 that Plaintiff was not disabled and not entitled to SSI. (AR at 42-46).

15     On October 17, 2006, the Appeals Council granted review and
16 remanded Plaintiff's case for further proceedings. (AR at 34-36).

17     A hearing was held before Administrative Law Judge F. Keith Varni
18 ("ALJ Varni") on April 13, 2007. (AR at 366-79). On April 20, 2007, ALJ
19 Varni issued a decision ("Decision #2") denying Plaintiff's application
20 for SSI. (AR at 12-18). ALJ Varni found that Plaintiff: (1) has not
21 engaged in substantial gainful activity since her alleged onset date of
22 disability (step 1); (2) suffers from impairments which in combination
23 are severe, including cervical spine sprain with minimal degenerative
24 changes in the hands and the cervical spine, lumbosacral spine sprain,
25 possible fibromyalgia, depressive disorder NOS, and anxiety disorder NOS
26 (step 2); (3) does not have any impairments that meet or equal a Listed
27 impairment (step 3); (4) has the residual functional capacity ("RFC") to

28

perform a range of heavy work;[1] and (5) is able to perform her past work as a caregiver, clerk, and receptionist. (AR at 17-18). On January 17, 2008, the Appeals Council denied review. (AR at 4-6).

Plaintiff filed the present Complaint on February 14, 2008, contending that ALJ Varni erred in concluding that Plaintiff was not disabled. The Commissioner disagrees. The parties filed a Joint Stipulation ("JS") of disputed issues on December 5, 2008. Plaintiff raises the following claims:

1.   ALJ Varni failed to properly consider the opinions of Plaintiff's treating physicians.

2.   ALJ Varni failed to properly consider the severity of Plaintiff's mental impairments.

3.   ALJ Varni failed to pose a complete hypothetical question to the vocational expert.

Plaintiff seeks reversal of Decision #2 and remand for a payment of benefits or, in the alternative, remand for a new administrative hearing. (JS at 15). The Commissioner requests that the final decision of the Commissioner be affirmed. (JS at 16). The Joint Stipulation has been taken under submission without oral argument.

## II.   **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal

---

[1]   Specifically, ALJ Varni found that Plaintiff is able to: lift, carry, push, and pull 50 pounds frequently and 100 pounds occasionally; sit, stand, and walk constantly with customary breaks; reach, hand, finger, and feel constantly with customary breaks; and climb, balance, stoop, kneel, crouch, and crawl frequently. (AR at 15).

error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III.   DISCUSSION

### A.   Plaintiff's Physicians

Plaintiff claims that ALJ Varni erred by improperly rejecting the opinions of her treating physicians. (JS at 3-4, 7-10). Contrary to Plaintiff's contentions, ALJ Varni's evaluation of the medical evidence is supported by substantial evidence. *See Perales*, 402 U.S. at 401; *Robbins*, 466 F.3d at 882.

In June 2004, Iwan S. Ong, M.D. began treating Plaintiff. (AR at 239-44). Dr. Ong diagnosed Plaintiff as suffering from a variety of ailments, including: chronic neck pain, chronic fatigue syndrome (most likely secondary to degenerative disc disease of the neck); fibromyalgia or fibrositis (most likely secondary to degenerative disc

4

disease of the neck); history of osteoporosis; chronic headaches; depression; history of hypothyroidism; and chronic bladder infections. (AR at 242-43). Dr. Ong noted that Plaintiff had not worked for approximately one year due to her chronic neck pain, chronic fatigue syndrome, and fibromyalgia. (AR at 242). He recommended that Plaintiff be found permanently disabled due to the chronic nature of these conditions. (AR at 244).

In April 2007, Plaintiff saw Riverside County Regional Medical Center physician, Kayla Brandon, M.D. (AR at 335). Plaintiff complained of suffering from pain that was at a level "8" out of "10." (AR at 335). Dr. Brandon found that Plaintiff's chronic pain caused her hands to become numb, which prevented Plaintiff from being able to type. (AR at 335). Dr. Brandon concluded that Plaintiff was permanently unable to work due to chronic pain and fibromyalgia. (AR at 335). According to Dr. Brandon, her findings were confirmed by an MRI of Plaintiff's neck (cervical spine) taken in July 2005. (AR at 335). The MRI revealed that Plaintiff had a 2 millimeter dorsal annular bulge at the C5-6 disc and 2 to 3 millimeters of right paracentral disc protrusion and collapse at the C6-7 disc. (AR at 249, 315, 335).

The opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). In order to reject a treating physician's opinion in favor of a conflicting non-examining physician's opinion, the ALJ must set forth specific and legitimate reasons for doing so that are based on substantial evidence in the

5

record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). An examining physician's opinion based on independent clinical findings that differ from the findings of a treating physician may constitute substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("[i]ndependent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, (citation omitted) or (2) findings based on objective medical tests that the treating physician has not herself considered") (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

In Decision #2, ALJ Varni questioned the validity of Plaintiff's fibromyalgia and chronic fatigue syndrome diagnoses, and rejected Dr. Ong's and Dr. Brandon's opinions as to Plaintiff's disability. (AR at 15-17). Although Dr. Ong and Dr. Brandon may have been treating physicians, ALJ Varni properly rejected their opinions in favor of the opinion of the consultative orthopedic surgeon, Bunsri T. Sophon, M.D. (AR at 15-17).

Dr. Sophon completed an orthopedic evaluation of Plaintiff in February 2007. (AR at 260-66). He took Plaintiff's medical history, examined Plaintiff, administered diagnostic testing, and reviewed Plaintiff's medical records. *Id*. While Plaintiff displayed some restriction of motion in the cervical and lumbosacral spine, Plaintiff's physical and neurological examinations were essentially normal. (AR at

261-64). Dr. Sophon diagnosed Plaintiff as suffering from cervical sprain and lumbosacral strain. (AR at 264). However, Dr. Sophon found that these impairments did not restrict Plaintiff's ability to perform work related activities. Dr. Sophon concluded that Plaintiff could lift and carry 50 pounds frequently and 100 pounds occasionally, and that Plaintiff could sit, stand, walk and bend without restriction. (AR at 265, 267-70). Dr. Sophon's opinion, which was based on independent clinical findings that differed from the findings of Dr. Ong and Dr. Brandon, constituted substantial evidence. (AR at 15-17, 260-66); *see Orn*, 495 F.3d at 632; *Andrews*, 53 F.3d at 1041

In addition, ALJ Varni correctly noted that neither Dr. Ong nor Dr. Brandon confirmed Plaintiff's diagnosis of fibromyalgia through diagnostic testing. (AR at 14); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ may reject the conclusory opinion of an examining or treating physician if the opinion is unsupported by clinical findings); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Indeed, Dr. Ong's records show that he never found Plaintiff to have more than six tender points. (AR at 14, 224-44); *see Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir. 1996) (explaining that "the patient must have at least 11 [tender spots] to be diagnosed as having fibromyalgia"); *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001). And, a record from the Riverside County Regional Medical Center indicates that Plaintiff's pain was probably related to osteoarthritis, rather than an autoimmune disease.[2] (AR at 304).

---

[2]    Fibromyalgia refers to "[a] group of common nonarticular disorders characterized by achy pain, tenderness, and stiffness of muscles, areas of tendon insertions, and adjacent soft tissue structures." The Merck Manual 481 (17th ed. 1999).

ALJ Varni also found that Dr. Ong and Dr. Brandon based their opinions primarily on Plaintiff's subjective complaints. (AR at 16-17). "[A]n opinion of disability premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted." *Andrews*, 53 F.3d at 1043 (citing *Flaten v. Secretary of Health & Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995)). In Decision #2, ALJ Varni sited valid reasons for discounting Plaintiff's subjective symptom testimony, such as her failure to follow her physicians's treatment recommendations. (AR at 17). Although Plaintiff's physicians recommended that she exercise regularly, there is no indication in the record that she complied with this advice. (AR at 288, 292, 304); *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that non-compliance with prescribed treatment is proper evidence relating to the credibility of the patient).

Accordingly, ALJ Varni's interpretation of the conflicting medical evidence and decision to discount Dr. Ong's and Dr. Brandon's opinions is supported by substantial evidence.

**B.   Mental Impairment**

At step two of the sequential analysis, ALJ Varni determined that Plaintiff's depressive disorder, NOS and anxiety disorder, NOS were "severe" in combination with Plaintiff's other impairments. (AR at 14). However, ALJ Varni found that Plaintiff's mental impairments did not cause any functional limitations. (AR at 15, 218). Plaintiff contends ALJ Varni failed to properly consider the impact of her mental impairments on her ability to work.

In evaluating Plaintiff's mental residual functional capacity, ALJ Varni relied on the opinion of the consultative psychiatrist, Sohini

8

1  Parikh, M.D. (AR at 17, 271-77). Dr. Parikh conducted a complete

2  psychiatric evaluation of Plaintiff in February 2007. (AR at 271-77).

3  Dr. Parikh diagnosed Plaintiff with depressive disorder, NOS and anxiety

4  disorder, NOS. (AR at 276). He noted that these conditions were related

5  to her physical impairments and that her psychiatric prognosis would

6  improve if her medical condition improved. (AR at 276). From a

7  psychiatric standpoint, Dr. Parikh opined that Plaintiff did not "have

8  any impairment in the ability to reason and make social, occupational,

9  [or] personal adjustments."[3] (AR at 276). Because Dr. Parikh's opinion

10 was based on independent clinical findings, it constituted substantial

11 evidence upon which ALJ Varni could properly rely. *See Orn*, 495 F.3d at

12 632; *Andrews*, 53 F.3d at 1041.

13     Further, Plaintiff's treatment records failed to suggest Plaintiff

14 had any functional limitations that were caused by a mental impairment.

15 (AR at 17). While Plaintiff has been prescribed anti-depressant

16 medication, there is no indication in the record that Plaintiff sought

17 treatment from a mental health professional or that her doctors ever

18 recommended more aggressive treatment. (AR at 17). ALJ Varni was

19 permitted to draw rational inferences from Plaintiff's minimal treatment

20 history. *Flaten*, 44 F.3d at 1464.

21     Accordingly, there is substantial evidence supporting ALJ Varni's

22

23     [3]  In particular, Dr. Parikh assessed Plaintiff's mental capacity
24 as follows: no restrictions in daily activities; no difficulties in
   maintaining social functioning; no impairment in concentration,
25 persistence and pace; no repeated episodes of emotional deterioration in
   work-like situations; no impairment in the ability to understand, carry
26 out, and remember simple instructions; no impairment in the ability to
   understand, carry out, and remember complex instructions; no impairment
27 in the ability to respond to coworkers, supervisors and the public; no
   impairment in the ability to respond appropriately to usual work
28 situations; and no impairment in the ability to deal with changes in a
   routine work setting. (AR at 277-80).

1 | conclusion that Plaintiff's depressive disorder, NOS and anxiety
2 | disorder, NOS, though severe when considered in combination with her
3 | other impairments, did not restrict her ability to perform work related
4 | activities.

5 | **C.   Vocational Expert Testimony**

6 | Plaintiff contends ALJ Varni's hypothetical to the vocational
7 | expert omitted relevant limitations identified in Plaintiff's testimony
8 | and the medical reports, such as Plaintiff's incontinence, chronic
9 | bladder problems, and mental impairments. (JS at 12-15). This claim
10 | lacks merit.

11 | An ALJ must pose a hypothetical to the vocational expert that
12 | outlines all the limitations of the particular claimant. *See DeLorme v.*
13 | *Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). If the hypothetical fails
14 | to reflect all of the claimant's limitations, the expert's testimony
15 | cannot support a finding that the claimant could perform jobs in the
16 | national economy. *See id.* However, the hypothetical question need not
17 | include all alleged limitations, but rather only those limitations the
18 | ALJ finds to exist. *See, e.g., Magallanes*, 881 F.2d at 756-57; *Martinez*
19 | *v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986).

20 | Here, ALJ Varni's hypothetical question to the vocational expert
21 | accurately detailed the severe impairments and work restrictions that
22 | the record supported. *See Tackett*, 180 F.3d at 1101 (stating that the
23 | ALJ's hypothetical "must be accurate, detailed, and supported by the
24 | medical record"). ALJ Varni asked the vocational expert to assume an
25 | individual with Plaintiff's age, education, and residual functional
26 | capacity (*i.e.* lift and/or carry 50 pounds frequently and 100 pounds
27 | occasionally; sit six hours in an eight-hour workday; stand and/or walk
28 | six hours in an eight-hour workday). (AR at 375-76). While Plaintiff,

1  Dr. Ong, and Dr. Brandon described additional limitations, their
2  opinions were properly discounted by ALJ Varni, for the reasons
3  discussed above. Accordingly, the vocational expert's testimony
4  constitutes substantial evidence in support of ALJ Varni's step four
5  finding of non-disability. *See Magallanes*, 881 F.2d at 750; *see also*
6  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (vocational
7  expert's testimony useful at step four, but not required).

8

9  **IV.   CONCLUSION**

10      Based upon the applicable legal standards, the Court finds that the
11  decision of the Commissioner is supported by substantial evidence and
12  that the Commissioner applied the proper legal standards.

13

14                              **ORDER**

15      Accordingly, **IT IS HEREBY ORDERED** that the decision of the
16  Commissioner is **AFFIRMED.**

17      **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of
18  this Order and the Judgment herein on all parties or their counsel.

19

20  Dated: December 19, 2008

21

22

23                        MARC L. GOLDMAN
                          _____
24                        Marc L. Goldman
                          United States Magistrate Judge
25

26

27

28

                              11